**Lois BLACK, Administratrix of the Estate of Willie Black, deceased, and widow in her own right, Appellant (Plaintiff below),**

v.

**A.C. & S., INC., A & M Insulation Company, A.P. Green Services, Inc., Brand Insulations, Inc., Combustion Engineering, Inc., General Refractories, North American Refractories, Owens Corning Fiberglas, Rapid American Corp., Universal Refractories, and William A. Pope Co., Appellees (Defendants below).**

No. 45S04–0303–CV–124.

Supreme Court of Indiana.

March 25, 2003.

Robert E. Paul, Philadelphia, PA, Mark K. Dudley, Indianapolis, IN, Attorneys for Appellants.

Jon L. Williams, Indianapolis, IN, Janet E. Golup, Philadelphia, PA, Attorney for Asbestos Corporation Ltd. and Bell Asbestos Mines, Ltd.

George T. Patton, Jr., Stephanie F. Holtzlander, Bryan H. Babb, Indianapolis, IN, Attorneys for Indiana Legal Foundation.

Michael R. Fruehwald, Andrew J. Detherage, Shelese Emmons, Indianapolis, IN, Attorneys for Indiana Manufacturers Association and Indiana Chamber of Commerce.

W. Russell Sipes, Indianapolis, IN, Attorney for Indiana Trial Lawyers Association.

Christopher D. Lee, Todd C. Barsumian, Indianapolis, IN, Attorneys for Combustion Engineering, Inc.

Amber L. Achilles, Kenneth Gorenberg, Chicago, IL, Attorneys for North American Refractories, Inc.

Raymond L. Faust, Suzette Vandivier Sims, Indianapolis, IN, Attorneys for Brand Insulations.

Douglas B. King, James M. Boyers, Indianapolis, IN, Attorneys for Rapid American Corp.

Susan E. Mehringer, Indianapolis, IN, Attorney for AC & S.

Gus Sacopulos, Terre Haute, IN, Attorney for Universal Refractories.

Steven D. Hardin, Noblesville, IN, Roger E. Podesta, Karin S. Schwartz, New York, NY, Attorneys for Owens Corning.

Randall J. Nye, Hammond, IN, Attorney for General Refractories Co.

Knight Anderson, Indianapolis, IN, Attorney for Kennedy Tank & Manufacturing Co.

Michael A. Bergin, Julia Blackwell Gelinas, Daniel M. Long, Indianapolis, IN, Attorneys for William A. Pope Co. & AlliedSignal, Inc.

SULLIVAN, Justice.

Willie Black was employed at the Gary Works plant of USX Steel from 1956 to 1983 as a blast furnace worker. During his employment, Mr. Black was exposed to and inhaled dust emitted from asbestos products. Mr. Black died from lung cancer on August 1, 1996. On July 6, 1998, Lois Black, Willie Black's widow, filed a wrongful death and loss of consortium action against the Defendants alleging Mr. Black's death was a result of his exposure to the asbestos dust.

■ The Indiana General Assembly has enacted two statutes that limit the period of time within which individuals can file product liability claims. One of these statutes, Ind.Code § 34–20–3–1, generally applies to product liability claims and establishes a ten-year period of repose; we will refer to this statute as "Section 1." The second statute, Ind.Code § 34–20–3–2, specifically applies to certain asbestos liability claims; we will refer to this section as "Section 2." (We note that prior to recodification in 1998, Sections 1 and 2 appeared at Ind.Code § 33–1–1.5–5 and § 33–1–1.5–5, respectively.)

In the present case, the Defendants argue that Section 2 only applies to a limited class of defendants and that they do not fall within that class. As such, certain Defendants contend that Ms. Black must proceed against them under the more time restrictive Section 1. Ms. Black responds that the statutory scheme violates both art. I, § 12, and art. I, § 23, of the Indiana Constitution.

The trial court agreed with the Defendants that Section 2 did not apply to them since the Defendants had "established that they were not miners and sellers of commercial asbestos [and] Plaintiff does not argue that any of these defendants were miners or manufacturers of commercial asbestos," and that the Section 1 statute of repose had expired prior to the accrual of Ms. Black's claims.[1] (R. at 1827–28.)

The Indiana Court of Appeals reversed the grant of summary judgment based on the statute of repose after finding Section 2 was ambiguous. When interpreting the ambiguity, the Court of Appeals read the Section 2 phrase "miners *and* sellers" as "miners *or* sellers." *Black v. ACandS, Inc.*, 752 N.E.2d 148, 152–55 (Ind.Ct.App. 2001). Consequently, the Court of Appeals found that summary judgment was improper for the Defendants who sold asbestos-containing products since those claims fall under Section 2.

We hold today in *AlliedSignal v. Ott*, 785 N.E.2d 1068 (Ind.2003), that the Legislature consciously intended to subject to Section 2 only those entities that produce raw asbestos, while leaving those who sell asbestos-containing products within the ambit of Section 1. We also hold that the statutory scheme does not violate either art. I, § 12 or art. I, § 23, except in the limited circumstance where a reasonably experienced physician could have diagnosed the plaintiff with an asbestos-related illness or disease within the ten-year statute of repose, yet the potential plaintiff had no reason to know of the diagnosable condition until the ten-year period had expired.

■ Our reasoning in that case applies here, and we reach the same result: since

---

1. The trial court also granted the summary judgment motions of ACandS, Inc., Rapid–American Re-fractories, Universal Refractories, and Brand Insulations, Inc., based on a lack of evidence that Mr. Black was exposed to their asbestos-containing products. No is-

sue in relation to these summary judgment orders is raised on appeal.

In addition, the trial court granted the summary judgment motions of A & M Insulation Co. and William A. Pope Co., neither of which present issues raised on appeal.

the evidence did not demonstrate that any of the Defendants both mined and sold commercial asbestos, Section 2 did not apply. Since the Blacks' claims do not fall under Section 2, the general ten-year statute of repose found in Section 1 applies. Given that the Blacks' claims were filed after the expiration of the period of repose, summary judgment for the Defendants was proper unless a reasonably experienced physician could have diagnosed Mr. Black with an asbestos-related illness or disease within the ten-year statute of repose, yet Mr. Black had no reason to know of the diagnosable condition until the ten-year period had expired. We direct the trial court to examine this possibility on remand.

### Conclusion

We grant transfer pursuant to Indiana Appellate Rule 58(A), thereby vacating the opinion of the Court of Appeals. We vacate the judgment of the trial court and remand for further proceedings consistent with this opinion.

SHEPARD, C.J., and BOEHM, J., concur.

DICKSON, J., dissents with separate opinion, in which RUCKER, J., concurs.

DICKSON, Justice, dissenting.

Asbestos-related cancer does not manifest itself until ten to twenty-five years after exposure. I believe that the General Assembly, for reasons of compassion, fairness, and justice enacted Indiana Code § 34-20-3-2 to provide relief for all asbestos victims from the general ten-year statute of repose in the Indiana Product Liability Act. Consistent with this legislative intent, I believe that the phrase "persons who mined and sold" means "persons who mined and persons who sold" and that "commercial asbestos" includes not only raw asbestos but also asbestos in commercial products. I further believe that, un-

der the majority's restrictive construction of this section, application of the product liability statute of repose to the plaintiffs' claims violates both Section 12 and Section 23 of Article 1 of the Indiana Constitution. My reasons are detailed in *AlliedSignal, Inc. v. Ott*, 785 N.E.2d 1068 (Ind.2003) (Dickson, J., dissenting).

RUCKER, J., concurs.